## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.

MARC J. KARUN

No. 1:19-cr-00204-SDN

## AMENDED GOVERNMENT SENTENCING MEMORANDUM

The government, by and through its undersigned attorneys, files the following memorandum to address contested sentencing issues and to assist the Court in determination of sentence.

### INTRODUCTION

The Revised Presentence Report in this case identified four outstanding defense objections, touching on three separate subjects. First, the defendant urges the Court to apply the "lawful sporting use or collection" reduction under U.S.S.G. § 2K2.1(b)(2). Next, the defendant submits that paragraphs 40 through 48 of the PSR should be omitted, and, relatedly, that the defendant's past history not be considered for the purpose of an upward variance in this case. Finally, the defendant objects to conditions requiring compliance with his sex offender requirements.

The government respectfully submits that these remaining defense objections to the PSR are misplaced. Specifically, the defendant bears the burden of showing that the sporting or collection exception applies, and he cannot meet this burden under the facts of this case, not least because one of the firearms involved has an obliterated serial number. Second, the defendant's personal history is properly included and considered by the court under 18 U.S.C. § 3553(a). The government is not seeking a variant sentence under the guidelines, even though the court may consider any aspect of the

1

defendant's history and characteristics in crafting an appropriate sentence, including an upwardly variant sentence if the Court so determines.  Finally, the proposed conditions are appropriately related to the defendant's crime and criminal history, in that his history includes some acts of sexual violence and violence in the pursuit of sex crimes, which is related to the prohibition on his possession of firearms that might be used in future sex crimes, should the defendant's full rehabilitation in prison be unsuccessful.

<strong>DISCUSSION</strong>

1. **The sporting use or collection reduction under § 2K2.1(b)(2) does not apply.**

   a. **The defendant has the burden to prove lawful sporting use or collection.**

Guideline § 2K2.1(b)(2) provides for an offense level reduction where the defendant possessed "*all* ammunition *and* firearms *solely* for *lawful* sporting purposes or collection." (Emphases added).  The defendant bears the burden to show, by a preponderance of the evidence, that the reduction applies. *United States v. Denis*, 297 F.3d 25, 32 (1st Cir. 2002); *United States v. Gonzales*, 12 F.3d 298, 301 (1st Cir. 1993) *United States v. Cousens*, 942 F.2d 800, 802 (1st Cir. 1991).  The defendant has not done so in this case,[1] and in his objection simply makes some vague gestures about the lack of evidence to the contrary.  Such observations do not constitute meeting the burden.  *Gonzales*, 12 F.3d at 301 (holding the reduction properly withheld where the defendant offered no plausible explanation or corroborating evidence that he acted "as a sportsman [or] as a collector in assembling a small arsenal of handguns.")

---

[1] The government acknowledges that under the guidance the Court set forth in the presentence conference, the defendant has not yet had the opportunity to address matters on which he has the burden; the government expects to file an appropriate response to any such submission in accordance with the Court's guidance.

**b. The defendant's claim of collection cannot overcome his possession of an unlawful firearm.**

In this case, however, the defendant's suggestion of a collector's reduction doesn't even reach the starting line.  The reduction is forestalled by his possession of an illegal firearm—the receiver with the obliterated serial number—which no sportsman or collector may lawfully possess, felon or not.  *See United States v. Warner,* 5 F.3d 1378, 1382 (10th Cir. 1992) (reduction properly denied for possessing a machine gun, because no class of persons could lawfully possess such a firearm).  The defendant's knowing possession of this firearm is a crime of conviction in this case and an uncontested factual finding in the PSR.  In light of this, there is simply no lawful collection claim available.

In addition, the defendant's stockpile of various ammunition is entirely inconsistent with collection, and unrelated to any identified sporting use.  Mass, repeat, or even compulsive violation of the law while amassing a personal armory does not a collection make.  *See Gonzales*, 12 F.3d at 301.

**c. The evidence surrounding the firearms indicates they are not otherwise solely part of a collection (or used solely for lawful sporting activity).**

Courts have rejected the collector reduction where the firearms are not the type typically deemed collectible. *See*, *e.g.*, *United States v. Andrews*, 45 F.3d 428 (Table Disposition No. 94-5109), 1994 WL 717589 at *3 (4th Cir. 1994). The reduction has also been rejected where the firearms are not stored in a manner consistent with collection. *United States v. Letts*, 264 F.3d 787, 792 (8th Cir. 2001) (upholding denial of the reduction where firearms were found in "various and sundry places" including a garage, an outbuilding, and four separate places in the residence).

The government does not concede the application of § 2K2.1(a)(4) in this case

and anticipates sentencing evidence regarding qualifying magazines.  But regardless of if any high-capacity magazines were actually inserted into any given firearm, the purchase of the magazines themselves and the possession of over 14,000 rounds of various caliber ammunition each indicates that the firearms were not possessed solely for collection purposes, but were possessed with the intention of being fired.  *See Letts*, 264 F.3d at 791 (observing that keeping some firearms loaded was evidence against finding a collection). The fact that some of Mr. Karun's guns were fired is supported by photographs of a target block with apparent bullet holes found near the defendant's home.

Moreover, photos taken during the search of the defendant's home show that not all the firearms were kept in one place, unloaded.  One rifle was found in a closet, and two handguns were in a dresser drawer, one in a case and another not, with what appears to be a loaded magazine nearby.  Another scoped rifle was leaned on a wall near an exterior door and in proximity of a pair of binoculars.[2]  A deposit of corn was also found in the yard near the defendant's wooded home, at the end of June 2019.  *See* 12 M.R.S.A. § 10659.  This of itself is indicative not of lawful sporting use, but at the least self-defense and/or unlawful sporting use. In addition, there is no evidence that the defendant possessed a hunting license at any relevant time.

As the evidence indicates that one or more firearms or rounds of ammunition were possessed for something other than lawful sporting use or collection, the reduction is correctly denied.

---

[2] The referenced photographs have been provided in discovery, and the government anticipates presenting them either by stipulation or through testimony at the sentencing hearing.

## 2. There is no claim that the defendant's criminal history score is miscalculated.

The defendant objects Paragraphs 40 through 48 of the PSR, in the section relating to criminal history, without grounding the objection in any relevant law. The defendant correctly describes *United States v. Watts*, 519 U.S. 148 (1997), and *United States v. Booker* (543 U.S. 220 (2005) as controlling precedent, and then describes various other cases that have not overturned either case, and, indeed, acknowledge *Watts* and *Booker* to be controlling precedent. The cases cited by the defendant speak largely to relevant conduct under U.S.S.G. § 1B1.3. But none of the paragraphs objected to relate to relevant conduct under Part A of the PSR. Moreover, none of the contested paragraphs add a single criminal history point. This renders the defendant's legal analysis doubly inapposite to the objection—none of the paragraphs leads to any movement in the guideline calculation.

Facts not relevant to sentence can be safely ignored by the Court. *See* Fed.R.Crim. P. 32(i)(3)(B). Facts that would otherwise support a criminal history point are, by definition, not bare complaints or arrest records, but are buttressed by a conviction. *See United States v. Marrero-Perez*, 914 F.3d 20, 22-23 (1st Cir. 2019). For the remainder, the government submits that there is competent proof that the PSR's accounts are accurate.

Many of the criminal complaints and reports at issue involve robust, multi-faceted police investigations, and include firsthand accounts from officers, and the types of evidence that are routinely admitted as non-hearsay or exceptions to the hearsay rule because of their reliability. *See United States v. Castillo-Torres*, 8 4th 68, 72 (1st Cir. 2021). "[A]t sentencing judges have long been free to rely on anything useful that is

5

established by a preponderance of the evidence, without regard to ordinary rules of trial evidence. *Marrero-Perez*, 914 F.3d at 23 (citations omitted). Here, the Court is free to determine if and to what extent these materials can be relied upon to consider the defendant's history and characteristics in accord with 18 U.S.C. § 3553(a) or U.S.S.G. § 4A1.3.

### 3. Special conditions should be imposed by the Court.

The government notes that compliance with sex offender registry requirements presents no burden on the defendant at all, as this is an independent legal requirement and is within the scope of not violating any other federal or state law. Similarly, the computer monitoring requirement is directly related to offense conduct for the reasons described in the amended PSR, namely that the acquisition of many of the subject firearms took place online. As for the sex-offender-specific requirements, the government defers to the Court's judgement and reasoning, noting that the defendant's status as a violent sexual offender is the background for why he was prohibited from possessing firearms, provides the basis for the validity of the law as applied to him, and makes his possession of guns all the more concerning in his specific case. All that is to say that the crime of conviction combined with Mr. Karun's personal history do have a direct connection to sex-offender specific conditions, inasmuch as they are intimately related to the context in which Mr. Karun is likely to employ violent means. As he becomes older and weaker (as he himself describes), the relevance of firearms, specifically his late fascination with them, comes to the fore.

6

Dated: August 7, 2025     Respectfully submitted,

           CRAIG M. WOLFF
           ACTING UNITED STATES ATTORNEY

      BY: */s/ Chris Ruge*
         Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2025, I filed the above document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

David Bate, Esq.
Counsel for Defendant

CRAIG M. WOLFF
ACTING UNITED STATES ATTORNEY

BY:    */s/ Chris Ruge*
Assistant United States Attorney
U.S. Attorney's Office
202 Harlow Street, Suite 111
Bangor, ME  04401
(207) 945-0373
chris.ruge@usdoj.gov
