UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARC J. KARUN | No. 1:19-cr-00204-SDN |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE SENTENCING AND EXTEND DEADLINE FOR SENTENCING MEMORANDUM**

The United States, by and through undersigned counsel, hereby submits this response in opposition to the defendant's motion for continuance and extension of deadlines. Dkt. # 170. The government respectfully submits that both requests would interpose unjustified delay in an already long-delayed case, and would prejudice the government's ability to meet as-yet unspecified factual challenges at sentencing. Moreover, none of the listed bases the defendant cited in support of his requested relief are availing.

**Factual and Procedural Background**

1.  Mr. Karun was arrested in June 2019 on a Connecticut warrant for murder.

2.  Also in June 2019, Maine State Police executed warrants at Mr. Karun's home, including a warrant relating to the unlawful possession of firearms, from which this case arises.

3.  Mr. Karun was indicted on November 6, 2019, and the Grand Jury returned a superseding indictment on December 11, 2019. Dkt. # 2. He was arraigned

1

on the superseding indictment on December 13, 2019. Dkt. # 25. This was followed by extended motion practice and the pandemic.

4. On February 15, 2024, Mr. Karun entered a conditional guilty plea to both counts of the superseding indictment. Dkt .# 134.

5. On April 10, 2024, the defendant filed an unopposed motion to extend the time for disclosure of the presentence report. Dkt. # 137.

6. On May 1, 2024, the defendant filed a second unopposed motion to extent the time for disclosure of the presentence report. Dkt. # 139.

7. On June 13, 2024, the Probation Office issued the first disclosure of the presentence report. Dkt. # 142.

8. On June 27, 2024, the defendant filed an unopposed motion to continue the deadline for PSR objections. Dkt. # 142.

9. On July 11, 2024, the government filed its PSR objections. Dkt. # 144.

10. On July 16, 2024, the defendant filed an unopposed motion to further continue the time for PSR objections. Dkt. # 145.

11. On August 9, 2024, the defendant filed an unopposed motion to further extend his time for PSR objections. Dkt. # 147.

12. On August 23, 2024, the defendant filed his PSR objections. Dkt. # 149. This was approximately 10 weeks after the first disclosure of the PSR.

13. On September 23, 2024, the Probation Office issued the revised presentence report. Dkt. # 150.

14. On October 11, 2024, then defense counsel Mattson moved to withdraw. Dkt. # 152.

15. On October 16, 2024, current defense counsel was appointed.

16. Nearly five months later, on March 7, 2025, defense counsel filed a status report in the present case. Dkt. # 154.

17. On June 12, 2025, the Court held a telephonic pre-sentence conference, at which the parties agreed to a briefing schedule. Dkt. # 161.

18. On August 5, 2025, the government filed its sentencing memorandum. Dkt. # 166. This memo acknowledged that under the guidance the Court set forth in the presentence conference, the defendant had not yet had the opportunity to address matters on which he has the burden, and that the government expected to file an appropriate response to any such submission in accordance with the Court's guidance. The government filed a substantively identical amended memorandum on August 7, 2025. Dkt. # 168.

19. On August 6, 2025, the defendant filed an unopposed motion to extent the time for filing his sentencing memorandum, extending the deadline from August 26, 2025, an additional five weeks to September 30, 2025, for a total of eight weeks to respond. Dkt. # 167.

20. On September 29, 2025, defense counsel noticed government counsel of his intent to request an extension "at least until the middle of October," citing "other work" as the reason for his delay. Undersigned counsel indicated opposition.

21. On September 30, 2025, the day his memorandum was due, the defendant moved to continue the sentencing date to April 2026 and to extend the time for filing his sentencing memo to January 2026.

**Discussion**

As set forth above, the government has hitherto not opposed the myriad motions to continue over the last few years. At this point, however, the revised PSR has been out for approximately a year, and counsel has been on the case for nearly as long. In that time there have been no additional objections to the PSR. The defense has had more than eight weeks to address any additional matters raised in the government's six-page sentencing memorandum (excluding signature and certification). The additional delay proposed by the defendant serves no justifiable purpose, and should be denied in accordance with the Rules of Criminal Procedure.

1. **The motion to continue sentencing should be denied.**

There is no reason this case should occur after the Connecticut murder trial is completed, and no basis to believe conclusion of this federal sentencing will interfere with that matter.

   a. **The current schedule in Connecticut is not a basis for further delay in this case.**

The defendant's motion states that the sentencing in this case "was set for November 18 based on the assumption that Mr. Karun's murder trial would be completed by then." While a technically accurate statement about why the sentencing was most recently continued to November, the defendant's rendition gives a misimpression of the causation involved. The sentencing was set at a time not to interfere with the Connecticut proceeding, not just to be after that proceeding. This is demonstrated by the Court initially setting the sentencing for September 2025, without knowledge that the murder trial was calendared at all. After undersigned counsel discovered the potential conflict (on June 30, 2025), this sentencing was continued to

4

November, as the first available date after the murder trial was anticipated to be completed. The parties never litigated or agreed that this sentencing would or should be after the completion of the Connecticut matter. Such a conclusion would lead to an open-ended continuance controlled by the Connecticut court, and is foreign to the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P., Rule 2 (rules to be construed to eliminate unjustifiable delay).

While the parties did acknowledge the possibility that a sentencing in Maine two weeks before the proceedings in Connecticut posed a *potential* risk of interference, it does not follow that having the sentencing in this case more than three months before jury selection in Connecticut imposes any consequence on that proceeding whatsoever. Moreover, there is no reason Mr. Karun would need to bring documentation with him. Neither is there basis to believe that Mr. Karun's brief transport to Maine would have any measurable effect on his preparation for trial in Connecticut, in which he is represented by counsel. Mr. Karun, with the aid of able counsel, has made a series of tactical decisions over the past several years that have greatly dilated both proceedings and have brought us to the present state of affairs. Nothing about that state of affairs now argues for further delay in either case.

> **b. Mr. Karun has had years to review the discovery materials in this case, and sentencing in this matter has already been continued to allow further review.**

The defense also requests further delay for purported discovery review. The discovery has been provided to defense in this case for years. Moreover, after discovery review and correspondence with the defendant, defense counsel submitted that the presentence conference could proceed after a continuance of 60 days, which would have been in May 2025. Dkt. # 154. In a subsequent status report, dated April 22, 2025,

defense counsel submitted that "[t]he parties agree that setting a sentencing date in July, 2025 would be appropriate."  At the June 2025 presentence conference, counsel agreed to sentencing in September 2025, and later agreed to sentencing in November 2025.  There is no way to square these acknowledgements of being prepared to proceed with the current claim that Mr. Karun needs additional time to review photographs that have been provided to him for years.  Moreover, the relevance of these photos have been known to the defense for years, and the relevance to the contested issues at sentencing for no less than one year.  Under these circumstances, the defendant's purported desire for additional review provides no plausible basis for delay.

### c. This Court is not the appropriate gate-keeper for evidence in the Connecticut proceedings.

Finally, the defendant argues that being sentenced for the crime for which he pleaded guilty and was found guilty would "unduly prejudice" Mr. Karun in his murder trial, because of its potential use in cross examination, should he take the stand in that case.  But the defendant's argument proves too much:  while Connecticut Code of Evidence Section 6-7 does allow impeachment based on a prior conviction, that rule itself requires the court to consider "the extent of prejudice likely to occur.  Moreover, as in F.R.E. 403, Section 4-3 of the Connecticut Code allows the exclusion of relevant evidence for "unfair prejudice."  That is to say, the very rules the defendant is concerned may admit evidence a federal conviction also allow that evidence to be barred for precisely the reason he cites.  But more saliently, it is not for this Court to make such a determination—those determinations are properly consigned to the Connecticut trial court, and the defendant's prognostications here are speculative, at best.

6

2. **The Court should grant minimal, if any additional extension to the memorandum deadline, to avoid further unfairness or unjustified delay.**

The defendant presents two bases for extending the time to file his sentencing memorandum: that there is no prejudice on the government, and that defense counsel is busy. Both are inapposite to the determination of the present motion.

   a. **Lack of prejudice is not basis for delay; further, the government is prejudiced by the requested delay.**

The defense argument that further extension presents no prejudice to the government relies largely on the presumption that the requested continuance will be granted. This argument is unavailing for two reasons. First, the relevant consideration is not prejudice to the government, but if the delay is unjustifiable. Here, the delay is not justified, particularly given both the pendency of the case over the last 6 years, and the indulgence of the Court of the past 12 months.

But it is also untrue that the government is not prejudiced by the proposed extension. The government is entitled to a swift disposition of the matter. In addition, the government cannot prepare for the sentencing hearing without the defendant identifying the factual basis for his claims. As discussed at the presentence conference, the defendant has the burden on certain objections to the PSR. The manner in which the defendant attempts to prove the sportsman/collector exception can be fact intensive, and may require the government to call specialized witnesses. This requires lead time, preparation, and contracting, made all the more cumbersome by the current government shutdown. The government already agreed to provide first (as opposed so simultaneous) briefing, and has agreed to what undersigned counsel deemed, in good faith, to be the maximum delay that still affords an opportunity to prepare for

sentencing contingencies under the present schedule. The bases for this position have been repeatedly explained, in correspondence, to the defense counsel. At this point, only the defense knows what the contested factual issues may be, and that uncertainty is what drives the government need for time to prepare, as afforded by the current schedule.[1]

### b. Defense Counsel's accumulated calendar is not a basis for delay in this case, and is unlikely to be substantial different in the future.

Second, the defendant submits that defense counsel has a busy state-court calendar. Undersigned counsel takes this to be the primary basis for the present motion, as it was the primary basis for continuance presented to the government. On September 29, 2025, the day before the defense memorandum was due and two weeks after defense got notice of the continuance in the Connecticut trial, defense requested "at least until the middle of October, to complete the sentencing memo."[2] Undersigned counsel objected for many of the reasons set forth in this memo, and the following day, the already-extended due date, the defendant requested the Court delay not until mid-October, but to mid-January, based on the above-described lack of prejudice.

Defense counsel doubtless has many other commitments on state and personal matters. But this is the natural state of affairs for lawyer of defense counsel's experience and esteem. Defense agreed to the present dates weeks ago, with full awareness of counsel's calendar at that time. Yes, calendars fill up, but that is no reason why this long-pending case should be preempted by other matters as they arise. Moreover, the

---

[1] The current schedule also provide time for reply from defense, as the Court may deem appropriate.

[2] Defense counsel also, secondarily, indicated that "we should probably continue this sentencing hearing until after the Connecticut murder trial," which the government also opposed.

history of this case is one of delay begetting more delay. Defense counsel is a seasoned, successful, and well-regarded litigator, and his services are—rightly—in high demand. Accordingly, there is no reason to believe counsel will not also be busy (or have preplanned vacation, or an urgent family commitment) in January or April of 2026. At some point, this case must be addressed. As it is already calendared for final disposition at a time which is unlikely to interfere with the Connecticut matter, the time to proceed is now, and requiring compliance with the present (extended) deadlines will promote fairness and help gird against further unnecessary and unjustified delay.

## Conclusion

The sentencing is currently scheduled at a time unlikely to interfere with the Connecticut proceeding. The Connecticut proceeding was continued by counsel with knowledge of the scheduled sentencing date in this case. Continuing this case only increases the chances of interference in the Connecticut case, and the chances of further unjustifiable delay in this case.

Further, any extension of the time for filing the defense memorandum prejudices the government's ability to meet factual challenges, because the defendant has not yet identified his theory by filing his memorandum. The contested matters in this case have not changed since the PSR objection were entered over a year ago. The defendant therefore would not be prejudiced by having to disclose his theory at this time. Denying the requested extension is in the interests of fairness and judicial economy.

Dated: October 2, 2025                                Respectfully submitted,

                                                      CRAIG M. WOLFF
                                                      ACTING UNITED STATES ATTORNEY

                                              BY:     */s/ Chris Ruge*
                                                      Assistant United States Attorney

9

CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2025, I filed the above pleading with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

David Bate, Esq.
Counsel for Defendant

                              CRAIG M. WOLFF
                              ACTING UNITED STATES ATTORNEY

BY:   */s/ Chris Ruge*
       Assistant United States Attorney
       U.S. Attorney's Office
       202 Harlow Street, Suite 111
       Bangor, ME 04401
       (207) 945-0373
       chris.ruge@usdoj.gov